IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH M. TALBOT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-573-MJR |
| | ) | |
| **KEN BARTLEY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

This action challenges the policies that govern release on parole. In particular, Plaintiff

states that an inmate is required to find a place to live prior to release on parole; if an inmate has no place to go, and if there is no space available in a half-way house, the inmate is not released on parole. Talbot specifically states that he was denied placement at a friend's house due to its proximity to a public park, as Talbot is a convicted sex offender. Therefore, although he could have been paroled in May 2006, he remains in custody due to his inability to locate suitable housing. According to Talbot, these policies amount to a violation of his rights to due process.

The Constitution itself does not create a right to parole release, but if state statutes and regulations limit the discretion of the state to deny parole, a liberty interest may be created; such an interest may be protected by the due process clause of the Fourteenth Amendment. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979). The Seventh Circuit has held that the Illinois parole statutes do not create a legitimate expectation of parole that would support a due process claim. *Heidelberg v. Illinois Prisoner Review Bd.,* 163 F.3d 1025, 1027 (7th Cir. 1998). *See also Hanrahan v. Williams*, 174 Ill.2d 268, 673 N.E.2d 251, 255-56 (1996) (no legitimate expectation of release under the Illinois parole statute). Because Plaintiff has no protected liberty interest in being released on parole, he has not been deprived of proper due process when Defendants deny his application for parole.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 25th day of July, 2007.**

                                           **s/ Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**